# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **MELINDA R. SANDERS**, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**JO ANNE B. BARNHART**, )<br>**Commissioner of Social** )<br>**Security Administration**, )<br>)<br>Defendant. ) | **Case No. CIV-05-005-RAW** |

### ORDER

Before the Court is the motion of the defendant to alter or amend judgment. On January 22, 2007, this Court entered an Order and Judgment remanding this action to the defendant pursuant to the fourth sentence of 42 U.S.C. §405(g) for further administrative proceedings. Claimant (through counsel) filed a motion for attorney fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. §2412. The motion expressly requested that the payment be made to plaintiff's counsel, and referenced an affidavit of plaintiff herself which agreed with such payment.

In response, the defendant stated no objection to an award of $3,857.50 (the amount ultimately awarded) and made no objection to the fees being payable to plaintiff's counsel. Defendant has now filed the present motion, asserting that an award of fees under the EAJA must be paid directly to the plaintiff.

In opposition, plaintiff first argues that the motion is untimely. The Order granting

attorney fees was filed May 15, 2007, and the motion was filed May 29, 2007. Plaintiff correctly notes that Rule 59(e) F.R.Cv.P., upon which the motion is based, requires filing no later than ten days after entry of the judgment sought to be altered or amended. Plaintiff does not, however, take account of Rule 6(a) F.R.Cv.P., which mandates exclusion of weekends when calculating a time limit of less than eleven days. By the Court's calculation, the motion is timely.

Turning to the merits, the Court finds the defendant waived the issue by failing to raise it in its initial response to the fee request. In any event, the Court does not agree with defendant's position. A full exposition of the Court's reasoning is contained in an Order entered contemporaneously in *McKee v. Astrue*, CIV-05-359-RAW, which the defendant will soon receive. To summarize here, the Court is persuaded that *McGraw v. Barnhart*, 450 F.3d 493 (10th Cir.2006), *King v. Commissioner*, 2007 WL 930275 (6th Cir.), and *Dixon-Townell v. Barnhart*, 445 F.Supp.2d 1283 (N.D.Okla.2006), support the conclusion that fees awarded pursuant to the EAJA are payable to plaintiff's counsel.

It is the Order of the Court that the motion of the defendant to alter or amend judgment (#21) is hereby DENIED.

**IT IS SO ORDERED** this 13th day of JUNE, 2007.

**Dated this 13th Day of June 2007.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma

J4h4i0

2